UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| SIVA AKKINENI | § | |
| | § | |
| v. | § | CIVIL NO. 4:24-CV-939-SDJ |
| | § | |
| FIRSTSERVICE RESIDENTIAL | § | |
| TEXAS, INC., ET AL. | § | |

## **MEMORANDUM OPINION AND ORDER**

Before the Court is Appellant Siva Akkineni's appeal of the Order Granting

Motion to Dismiss With Prejudice by the United States Bankruptcy Court of the

Eastern District of Texas.[1] Given Akkineni's failure to comply with the Federal Rules

of Bankruptcy Procedure and inadequate briefing, the Court concludes that the

appeal must be **DENIED**.

Bankruptcy appeals in district courts are governed by the Federal Rules of

Bankruptcy Procedure. Rule 8014(a) outlines the content that must be contained in

a bankruptcy appellant's brief:

> (1) a disclosure statement, if required by Rule 8012;
> (2) a table of contents, with page references;
> (3) a table of authorities—cases (alphabetically arranged), statutes, and
> other authorities—with references to the pages of the brief where they
> are cited;
> (4) a jurisdictional statement, including:
> > (A) the basis for the bankruptcy court's subject-matter
> > jurisdiction, citing applicable statutory provisions and stating
> > relevant facts establishing jurisdiction;

---

[1] From Akkineni's filings, it is unclear with which order or aspect of the Bankruptcy
Court's proceedings he takes issue. However, the Bankruptcy Cover Sheet identifies the
Order Granting Motion to Dismiss With Prejudice, (Adv. No. 23-4086, Dkt. #54), as the
document appealed. *See* (Dkt. #1-2).

1

>       (B) the basis for the district court's or BAP's jurisdiction, citing
>       applicable statutory provisions and stating relevant facts
>       establishing jurisdiction;
>       (C) the filing dates establishing the timeliness of the appeal; and
>       (D) an assertion that the appeal is from a final judgment, order,
>       or decree—or information establishing the district court's or
>       BAP's jurisdiction on another basis;
>   (5) a statement of the issues presented and, for each one, a concise
>   statement of the applicable standard of appellate review;
>   (6) a concise statement of the case setting out the facts relevant to the
>   issues submitted for review, describing the relevant procedural history,
>   and identifying the rulings presented for review, with appropriate
>   references to the record;
>   (7) a summary of the argument, which must contain a succinct, clear,
>   and accurate statement of the arguments made in the body of the brief,
>   and which must not merely repeat the argument headings;
>   (8) the argument, which must contain the appellant's contentions and
>   the reasons for them, with citations to the authorities and parts of the
>   record on which the appellant relies;
>   (9) a short conclusion stating the precise relief sought; and
>   (10) the certificate of compliance, if required by Rule 8015(a)(7) or (b).

FED. R. BANKR. P. 8014(a). Failure to comply with this rule can lead to denial of the appeal and result in the district court affirming the bankruptcy court's decision. *See Edwards v. Am.'s Home Place, Inc.*, No. CV 20-808-JWD-EWD, 2021 WL 4311810, at \*2 (M.D. La. Sept. 22, 2021); *Chlad v. Chapman*, No. 17 C 5198, 2018 WL 4144627, at \*3 (N.D. Ill. Aug. 30, 2018) (collecting cases), *aff'd sub nom. In re Chlad*, 922 F.3d 856 (7th Cir. 2019).

Here, Akkineni's Appellant Brief, (Dkt. #9), fails to comply with any part of Rule 8014.[2] Amongst other issues, the brief includes no statement of the Court's jurisdiction, no record cites to "authorities" or the "parts of the record" on which he relies, and no cogent legal argument explaining the basis for the relief sought. FED.

---

[2] Likewise, Akkineni's Response to Appellees Brief, (Dkt. #14), fares no better. It too suffers from the same defects outlined herein.

R. BANKR. P. 8014(a). In fact, it is unclear what relief Akkineni even requests from this Court. Rule 8014 "is not only a technical or aesthetic provision, but also has a substantive function—that of providing the other parties and the court with some indication of which flaws in the appealed order or decision motivate the appeal." *Edwards*, 2021 WL 4311810, at *3 (quoting *In re Ross*, No. ADV 02-4326, 2004 WL 6030762, at *3 (B.A.P. 1st Cir. June 4, 2004)). Lacking a clear argument and devoid of a single citation to any authority or record evidence, the Court cannot begin the task of analyzing the supposed flaws Akkineni perceives in the Bankruptcy Court's proceedings.[3]

For the foregoing reasons, this appeal is **DENIED**, and the Bankruptcy Court's Order Granting Motion to Dismiss With Prejudice, (Adv. No. 23-4086, Dkt. #54), is **AFFIRMED**.

**So ORDERED and SIGNED this 30th day of March, 2026.**

_____
SEAN D. JORDAN
UNITED STATES DISTRICT JUDGE

---

[3] The fact that Akkineni proceeded pro se does not save him. In proceeding pro se, one "acquires no greater rights than a litigant represented by a lawyer," beyond "liberal construction of properly filed pleadings." *Birl v. Estelle*, 660 F.2d 592, 593 (5th Cir. 1981). "The rules of procedure and the rules governing bankruptcy proceedings apply equally to everyone." *In re Salter*, 251 B.R. 689, 692 (S.D. Miss.), *aff'd*, 234 F.3d 28 (5th Cir. 2000). Therefore, the Court must hold Akkineni to the rules and standards applicable to all parties in bankruptcy appeals. *See Price v. Porter*, 351 F.App'x 925, 926 (5th Cir. 2009) (per curiam) ("[P]ro se litigants are not exempt from compliance with the relevant rules of procedure and substantive law[.]").